# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

JAMES URBAN,

    Plaintiff,

vs.

JOHN SELLS, et al.,

    Defendants.

No. C14-4025-MWB

***REPORT AND RECOMMENDATION***

_____

## *TABLE OF CONTENTS*

*I.   INTRODUCTION ............................................................................ 2*

*II.  BACKGROUND ............................................................................... 2*

*III. URBAN'S LATEST FILING ............................................................ 6*

*IV. ANALYSIS ....................................................................................... 7*
    *A.   May A Federal Court Sua Sponte Dismiss A Frivolous Lawsuit? ......... 7*
    *B.   Is Dismissal Appropriate? ...................................................... 9*
    *C.   Should Urban Be Sanctioned? ................................................ 14*
        *1.   Applicable Standards ................................................... 14*
        *2.   Relevant History ......................................................... 16*
        *3.   Urban's Latest Response .............................................. 18*

*V.   CONCLUSION AND RECOMMENDATION ....................................... 19*

## I. INTRODUCTION

This case is before me on (a) my *sua sponte* decision (Doc. No. 1) to conduct an initial review of a new *pro se* complaint submitted by plaintiff James Urban and (b) my order (Doc. No. 4) directing Urban to show cause as to why he should not be sanctioned for filing a frivolous lawsuit. For the reasons set forth below, I recommend that Judge Bennett enter an order dismissing this action with prejudice and imposing monetary sanctions against Urban.

## II. BACKGROUND

Urban has filed five prior federal lawsuits alleging that his constitutional rights were violated in connection with a state court prosecution and conviction for unlawful possession of animal furs. The background facts are detailed in an appellate brief and decision Urban has filed as exhibits in several cases. *See, e.g.,* Doc. No. 26 in case number 12-4075 at pp. 27-57. In short, on January 26, 2007, Urban was charged with two criminal offenses in the Iowa District Court for Plymouth County. Count I alleged trapping without a license in violation of Iowa Code § 483A.1, while Count II alleged unlawful possession of animal furs in violation of Iowa Code § 483A.38. Count II was later amended to unlawful possession of animal furs, fourth offense, an aggravated misdemeanor. A jury trial commenced on April 1, 2008, which resulted in a verdict of acquittal on Count I and a verdict of guilty on Count II. Urban was ultimately sentenced to 365 days in the county jail, with all but 120 days suspended, and was fined $500.

Urban appealed his conviction on Count II to the Iowa Court of Appeals, which affirmed it on August 6, 2009. Nearly two years later, Urban started filing lawsuits in this court, as follows:

*No. 11-4068.* On August 1, 2011, Urban filed case number 11-4068 (Case 1) against the Iowa Department of Natural Resources (IDNR) and two of its employees, John Sells and Chad Morrow. He stated that he was suing the defendants for "misusing Iowa laws" concerning the possession of fur from a fur-bearing animal without a license. Judge Zoss dismissed that case on December 19, 2011, finding that Urban failed to establish federal subject matter jurisdiction and that, in any event, the complaint failed to state a cognizable claim. Judgment was entered against Urban the same day. Urban did not appeal the adverse judgment to the Eighth Circuit Court of Appeals.

*No. 11-4107.* On December 14, 2011, while Case 1 was still pending, Urban filed case number 11-4107 (Case 2), again alleging that the defendants were "misusing Iowa laws" in connection with his trapping activities. The named defendants included, again, IDNR, Sells and Morrow, plus new defendants Steven Griebel, Amy Oetken, Billy Oyadare and Darin Raymond. His complaint did not describe each defendant's alleged role in the relevant events. However, the defendants filed a motion to dismiss which explained: (a) Griebel, like Sells and Morrow, is employed by IDNR, (b) Raymond is the Plymouth County Attorney who filed the relevant criminal charges against Urban, (c) Oetken is the Assistant County Attorney who prosecuted the case and (d) Oyadare is an attorney with the Iowa State Public Defender and, in that capacity, was appointed to defend Urban.

On November 27, 2012, Judge O'Brien adopted a Report and Recommendation from Judge Zoss to grant defendants' motion to dismiss. The dismissal was based on both (a) Urban's improper attempt to re-litigate issues decided against him in case number 11-4068 and (b) the absolute prosecutorial immunity that applied to two of the defendants (Raymond and Oetken). Judgment against Urban was filed the same day. Urban did not appeal that judgment to the Eighth Circuit Court of Appeals.

***No. 12-4075.*** On August 1, 2012, while Case 2 was pending, Urban filed case number 12-4075 (Case 3). Four of the named defendants (Sells, Morrow, Oetken and Raymond) were defendants in Case 2. Urban also sued four Iowa state court judges, including (a) the Iowa District Court judge (Judge Scott) who presided over the criminal jury trial that resulted in his conviction for unlawful possession of animal furs and (b) the three members of the Iowa Court of Appeals panel (Judge Vogel, Judge Vaitheswaran and Senior Judge Beeghly) who affirmed that conviction on appeal. Urban again alleged that his constitutional rights were violated as a result of his prosecution and conviction. After filing that lawsuit, Urban both (a) moved for leave to file an amended complaint and (b) sought leave to proceed *in forma pauperis* (IFP) with regard to yet another lawsuit (Case 4, discussed below). I granted Urban's motion to amend but denied his attempt to file a new lawsuit as an IFP plaintiff. I cautioned Urban that if he tries to "file another separate action in this court arising from the same alleged facts at issue in [Case 3], he will face monetary sanctions." Doc No. 19 (in Case 3) at 2.

On September 5, 2013, Judge O'Brien granted the defendants' motion to dismiss Case 3. He found that Urban's various claims failed for numerous reasons, and then stated:

> Because the Court is persuaded that Mr. Urban's claims must be dismissed based on judicial immunity, prosecutorial immunity, and a lack of subject matter jurisdiction, the Court need not reach the other issues included in the Defendants' briefs, including claim/issue preclusion, qualified immunity, and 11th Amendment immunity. However, the Court is aware that each of those issues have been discussed by either this Court, Judge Strand or Judge Zoss during the course of Mr. Urban's four cases, and each issue has been resolved against Mr. Urban. Accordingly, the Court notes that any future "trapping" case Mr. Urban files will have high procedural bars to overcome before it is allowed to proceed. If Mr. Urban feels that this ruling is incorrect, and he wishes to further pursue his "trapping" case, the proper procedural step is to file an appeal with the 8th

4

> Circuit Court of Appeals rather than filing another new section 1983 lawsuit before this Court.

*See* Doc. No. 37 (in Case 3) at 11-12 [footnote omitted]. Judgment against Urban was entered the same day. Urban did not appeal that judgment to the Eighth Circuit Court of Appeals.

*No. 13-4050.* As noted above, while Case 3 was still pending, Urban filed case number 13-4050 (Case 4) and requested leave to proceed IFP. Case 4 named Raymond, Morrow, Griebel and Oyadare as defendants, along with another judge of the Iowa District Court (Judge Neary). Based on the addition of Judge Neary, and some slightly-different factual allegations, it seemed possible that Case 4 might have involved a new charge and prosecution for trapping-related activities. While I denied Urban's motion for IFP status based on his history of filing frivolous and repetitive lawsuits, I stated that he could proceed with Case 4 if he paid the required filing fee. He did not do so. As such, Case 4 was dismissed on August 12, 2013.

*No. 13-4096.* On October 17, 2013, Urban filed case number 13-4096 (Case 5). His *pro se* complaint was remarkably similar to his prior efforts, especially the complaint in Case 3. In Case 5, the named defendants were Sells, Morrow, Oetken, Raymond and Oyadare, plus Judges Scott, Vogel, Vaitheswaran and Beeghly. Urban again referenced his prior criminal trial, this time contending that he was improperly tried twice for the same crime. It appears he was alleging that the two separate counts brought against him in the state court prosecution were based on the same facts and, thus, should not have been charged as multiple counts. After reviewing the complaint, I filed an order directing Urban to show cause as to why he should not be sanctioned. I noted that Urban did not take Judge O'Brien's advice and appeal the judgment against him in Case 3 to the Eighth

5

Circuit Court of Appeals. I also noted that Urban did not heed warnings from this court about filing new cases based on his state court conviction.

Urban filed a written response (Doc. No. 3 in Case 5) to the show cause order on October 29, 2013. His response caused me to believe that Urban, as a non-lawyer, sincerely failed to understand that he is not allowed to file repetitive new lawsuits based on the same events that caused him to file prior, unsuccessful lawsuits. As such, I recommended (Doc. No. 4 in Case 5) that Judge O'Brien dismiss Case 5 with prejudice, but with no further sanction. On March 18, 2014, Judge O'Brien entered an order (Doc. No. 5 in Case 5) accepting my report and recommendation. Judgment was entered against Urban the same day. Urban did not appeal that judgment to the Eighth Circuit Court of Appeals.

### III. URBAN'S LATEST FILING

On March 19, 2014, Urban submitted another *pro se* complaint, along with a new case filing fee. He also included a note that reads: "Copies of the complaint has [sic] been sent to the Iowa legislature, the newspapers (media) and political action groups."

Urban's new complaint (Doc. No. 3), names a mostly-repeat cast of oft-sued defendants, including Sells, Morrow, Oetken, Raymond, Oyadare, Judge Vogel, Senior Judge Beeghly, Judge Vaitheswaran and Judge Scott. However, Urban has added two new defendants: Judge O'Brien (a Senior District Judge of this Court) and Judge Dull (a District Associate Judge of the Iowa District Court). The complaint starts with a familiar description of events in 2006 and 2007 relating to Urban's state court prosecution and conviction. Doc. No. 3 at 6-9. Judge Dull has been invited to participate in Case 6 because, apparently, he issued a search warrant that was executed at Urban's residence in January 2007. *Id.* at 8-9. As for Judge O'Brien, Urban alleges that he acted without

jurisdiction and, supposedly, violated his oath of office in dismissing the prior lawsuits. Urban's new complaint asserts claims that his constitutional rights were violated in the form of (a) an unlawful search and seizure and (b) double jeopardy.

To summarize, in his six federal lawsuits (including this one), Urban has sued 13 individuals and one state agency. Of the 13 individual defendants, seven are judges (6 state, 1 federal), three are employed by IDNR, two are prosecutors and one is a state public defender. Urban has sued five defendants (Sells, Morrow, Oetken, Oyadare and Raymond) at least four separate times. Final judgment has been entered against Urban in four prior cases (Cases 1, 2, 3 and 5). Urban did not appeal from any of those judgments. Instead, despite warnings from this court and various efforts to explain why his claims are baseless, Urban keeps filing new cases.

## IV. ANALYSIS

### A. *May A Federal Court* Sua Sponte *Dismiss A Frivolous Lawsuit?*

It is well-established that a federal district court has the inherent power to dismiss a complaint for lack of subject matter jurisdiction "when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In *Apple*, the Sixth Circuit Court of Appeals relied on *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974), a case in which the Supreme Court reviewed prior cases as follows:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit," *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904); "wholly insubstantial," *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 550—551, 7 L.Ed.2d 512 (1962); "obviously frivolous," *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct.

7

326, 327, 54 L.Ed. 482 (1910); "plainly unsubstantial," *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933); or "no longer open to discussion," *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 31, 54 L.Ed. 95 (1909). One of the principal decisions on the subject, *Ex parte Poresky*, 290 U.S. 30, 31—32, 54 S.Ct. 3, 4—5, 78 L.Ed. 152 (1933), held, first, that "(i)n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented"; second, that a three-judge court was not necessary to pass upon this initial question of jurisdiction; and third, that "(t)he question, may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' *Levering & Garrigues Co. v. Morrin*, *supra*; *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 54 L.Ed. 482; *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 54 L.Ed. 95."

*Id.* at 536-37.

The Fifth Circuit Court of Appeals reached the same conclusion in *Dilworth v. Dallas County Comm. College Dist.*, 81 F.3d 616 (5th Cir. 1996), holding that a complaint that is "facially frivolous and insubstantial . . . is insufficient to invoke the jurisdiction of a federal court." *Id.* at 617. Many federal district courts have applied the principles described in *Hagans, Apple* and *Dilworth* to dismiss, *sua sponte*, frivolous non-prisoner complaints. *See, e.g., Sandles v. Chastang*, No. 12-11721, 2012 WL 1964183, at *1 (E.D. Mich. May 31, 2012); *Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1096 (D. Alaska 2006); *Piper v. R.J. Corman Railroad Group,* No. Civ. A. 05-cv-104-KSF, 2005 WL 1523566, at *1 (E.D. Ky. June 28, 2005).

The Eighth Circuit Court of Appeals has likewise recognized that a district court has the power to dismiss frivolous complaints *sua sponte,* without service of process. In *Sassower v. Carlson*, 930 F.2d 583 (8th Cir. 1991) (per curiam), the court upheld a district court's dismissal for lack of subject matter jurisdiction of two "wholly frivolous

8

and malicious" complaints filed by a plaintiff who had a history of filing "frivolous and vexatious litigation." *Id.* at 584. The court further enjoined the plaintiff from filing additional, related claims. *Id.* at 584-85; *accord O'Grady v. Anoka County Bd. of Commissioners*, 333 F. App'x 147, 148 (8th Cir. 2009).

## B. Is Dismissal Appropriate?

There are a host of legal barriers to Urban's current claims. As noted above, he is suing: (1) two employees of an Iowa state government agency (IDNR), (2) two Plymouth County prosecutors, (3) a state of Iowa employee who defended Urban in his state court criminal case, (4) five Iowa state court judges and (5) one judge of this court. Judgment has been entered against Urban four times on claims arising out of some or all of the same events alleged in his current complaint. In no particular order, Urban's claims against the various defendants are barred by the following doctrines:

***Res Judicata***. The entry of final judgment on the merits precludes a party from relitigating claims that were, or could have been, litigated in that proceeding. *See, e.g., Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006); *Banks v. Int'l Union Electronic, Electrical, Tech., Salaried and Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004); *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). A dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, is a "judgment on the merits," unless the plaintiff is allowed to amend the complaint or the dismissal is reversed on appeal. *See, e.g., MASTR Asset Backed Secs. Trust 2006–HE3 v. WMC Mortgage, LLC*, ___ F. Supp. 2d ___, 2013 WL 5596419, at *10 (D. Minn. Oct. 11, 2013) (citing *United States v. Maull*, 855 F.2d 514, 517, n. 3 (8th Cir. 1988)).

Here, Cases 2 and 3 (and, arguably, Cases 1 and 5 as well) were decided against Urban upon a finding that he failed to state a claim upon which relief could be granted. *See* Doc. No. 28 in Case 2; Doc. No. 37 in Case 3. In those cases, Judge O'Brien specifically rejected claims arising from Urban's state court prosecution and conviction. *Id*. Nine of the eleven defendants in this case were named as defendants in Case 2 and/or Case 3.[1] Urban did not appeal from the adverse judgments against him in Case 2 and Case 3. Both are thus final judgments on the merits for *res judicata* purposes.

Urban's present lawsuit again raises claims based on his prior state court prosecution and conviction. This is precisely the type of repetitive, abusive proceeding the *res judicata* doctrine seeks to prevent. Urban has had a full and fair opportunity to present his claims in this court, multiple times. He has never appealed from any adverse result. Instead, he simply files new actions and seeks to relitigate issues that have already been decided against him. I find that the doctrine of *res judicata* bars this case.

*Prosecutorial Immunity*. As Judge O'Brien held in Case 3, defendants Raymond and Oetken were duly appointed prosecutors for Plymouth County, Iowa, and, therefore, are entitled to absolute prosecutorial immunity from Urban's claims. *See* Doc. No. 37 in Case 3, at 8-9 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)). Judge O'Brien explained that this "[a]bsolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Id*. Even if Urban's current claims against Raymond and Oetken were not barred by *res judicata*, they would be barred by the doctrine of prosecutorial immunity.

*Judicial Immunity*. Judicial immunity "protects a judicial officer from civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983."

---

[1] Only Judge O'Brien and Judge Dull were not named as defendants in Case 2 or Case 3.

*Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1986). The immunity is absolute, meaning it applies even though the judge may act in excess of his or her jurisdiction and with malice. *Duba v. McIntyre,* 501 F.2d 590, 591-92 (8th Cir. 1974). As Judge O'Brien held in Case 3, Urban's claims against the state court judges are barred by this doctrine, even to the extent Urban claims that they acted fraudulently or otherwise violated his rights. *See* Doc. No. 37 in Case 3, at 7-8. While Judge Dull was not a defendant in any of the prior cases, he enjoys the same immunity. And, of course, so does Judge O'Brien. Judge O'Brien was obviously acting as a judicial officer when he entered various rulings in Urban's prior cases. While Urban does not like those rulings, and makes various allegations about Judge O'Brien and his oath of office, Urban's dissatisfaction is irrelevant. His claims against Judge O'Brien are barred by the doctrine of judicial immunity.[2]

***Rooker-Feldman***. As Urban has been told in prior cases, federal district courts have jurisdiction to review state court decisions only in *habeas* actions. *See, e.g.,* Doc. No. 37 in Case 3 at 10 (citing *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000) and *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1017 (8th Cir. 2011)). This doctrine arises from two Supreme Court decisions, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). Jurisdiction to review state court judgments is limited to the United States Supreme Court by 28 U.S.C. § 1257. *See Edwards,* 645 F.3d at 1017. Thus, to the extent that Urban

---

[2] Moreover, I note that Urban makes no effort to tie his factual allegations against Judge O'Brien to either of the causes of action described in his complaint. Even if Judge O'Brien somehow acted incorrectly in connection with any of Urban's prior federal lawsuits, those acts have no connection to Urban's legal theories, which are unlawful search and seizure and double jeopardy.

11

again claims that his state court conviction was illegal, this court lacks jurisdiction to hear that claim.

*Eleventh Amendment*. Urban purports to be suing various State of Iowa employees in their individual and official capacities. *See* Complaint (Doc. No. 3) at 2. To the extent he seeks to sue a state employee in his or her official capacity, such claims are barred by the Eleventh Amendment.[3] *See, e.g., Bakhtiari v. Lutz*, 507 F.3d 1132, 1138 (8th Cir. 2007) (claims against state employees in their official capacities are barred); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (action against individual employees in their official capacities is no different than an action against the state itself).

*Statute of Limitations.* Claims brought pursuant to 42 U.S.C. § 1983 for damages arising from alleged constitutional violations are subject to the statute of limitations that applies to a personal injury action in the state in which the cause of action arose. *Wilson v. Garcia*, 471 U.S. 261, 278–79 (1985). In Iowa, those claims are governed by Iowa's two-year statute of limitations for personal injury actions. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir.1985) (applying Iowa Code § 614.1(2)). Urban's latest complaint describes, almost-exclusively, events that occurred from 2006 through 2009. *See* Complaint (Doc. No. 3) at 6-7, 25. As noted above, he was charged in 2007, tried in 2008 and had his conviction affirmed by the Iowa Court of Appeals in 2009. With the possible exception of his new claim against Judge O'Brien, which is obviously barred for reasons already discussed, all events that Urban relies on to assert claims in this case

---

[3] "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI.

occurred more than four years before he filed his complaint. As such, his causes of action – even if not otherwise frivolous – would be barred by the statute of limitations.

*Rule 12(b)(6).* To the extent that any of Urban's claims could otherwise survive the doctrines described above, they would fail if scrutinized under Federal Rule of Civil Procedure 12(b)(6), which authorizes dismissal for "failure to state a claim upon which relief can be granted." To pass muster under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As Judge Bennett recently explained:

> Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under this *Twom-bal* standard, various federal Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys.*, Inc., 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n. 7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based).

*Target Training Intern., Ltd. v. Lee*, ___ F. Supp. 2d ___, 2014 WL 842893, at *7 (N.D. Iowa Mar. 5, 2014) [footnote omitted].

Having carefully reviewed Urban's latest effort at framing a complaint, I find that it does not come close to pleading facts that state a cognizable legal claim against any defendant. Urban asserts claims he describes as (a) unlawful search and seizure and (b) double jeopardy. Even accepting all allegations of the complaint as true, he has not stated a cognizable legal claim against any defendant. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."). His new complaint could not survive a motion to dismiss pursuant to Rule 12(b)(6).

***Conclusion.*** The allegations of Urban latest complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. Federal courts lack subject matter jurisdiction to entertain such claims. *See Sassower*, 930 F.2d at 584; *Apple*, 183 F.3d at 479. For the reasons set forth above, I must recommend that the complaint be dismissed with prejudice.

### C.  Should Urban Be Sanctioned?

#### 1.  Applicable Standards

Federal courts have inherent power to impose sanctions against abusive, serial filers of frivolous litigation. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Kurkowski v. Volcker*, 819 F.2d 201, 203-04 (8th Cir. 1987). This inherent power has been incorporated into the Federal Rules of Civil Procedure. Rule 11(b) states that any "attorney or unrepresented party" who submits a pleading to the court thereby

certifies:

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11(c) then states, in relevant part:

> (1) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.
>
> > \* \* \*
>
> (3) *On the Court's Initiative*. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
>
> (4) *Nature of a Sanction*. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary

directives; an order to pay a penalty into court; or, if imposed on motion
and warranted for effective deterrence, an order directing payment to the
movant of part or all of the reasonable attorney's fees and other expenses
directly resulting from the violation.

Fed. R. Civ. P. 11(c).

In *Kurkowski,* the Eighth Circuit Court of Appeals upheld the imposition of sanctions in light of "previous dismissals involving the exact same parties under the same legal theories." 819 F.2d at 204; *accord Kucera v. Inbody*, 210 F.3d 379 (8th Cir. 2000) (table) (affirming $1000 sanction against plaintiff after the fourth in a series of frivolous lawsuits).

### 2. *Relevant History*

As noted earlier, this court has warned Urban that he will face sanctions if he continues to file repetitive, frivolous lawsuits based on his prior, state court prosecution and conviction. On January 3, 2013, I entered an order in Case 3 that included the following statement:

> Any claims plaintiff thinks he has based on the facts he has alleged in this case shall be brought in this case. If plaintiff attempts to file another separate action in this court arising from the same alleged facts at issue in this case, he will face monetary sanctions.

*See* Doc. No. 19 (in Case 3) at 1-2. Several months later, in the same case, Judge O'Brien stated:

> Because the Court is persuaded that Mr. Urban's claims must be dismissed based on judicial immunity, prosecutorial immunity, and a lack of subject matter jurisdiction, the Court need not reach the other issues included in the Defendants' briefs, including claim/issue preclusion, qualified immunity, and 11th Amendment immunity. However, the Court is aware that each of those issues have been discussed by either this Court, Judge

16

> Strand or Judge Zoss during the course of Mr. Urban's four cases, and each issue has been resolved against Mr. Urban. Accordingly, the Court notes that any future "trapping" case Mr. Urban files will have high procedural bars to overcome before it is allowed to proceed. If Mr. Urban feels that this ruling is incorrect, and he wishes to further purse his "trapping" case, the proper procedural step is to file an appeal with the 8th Circuit Court of Appeals rather than filing another new section 1983 lawsuit before this Court.

Doc. No. 37 (in Case 3) at 11-12 [footnote omitted].

On October 18, 2013, in Case 5, I entered an order outlining Urban's history of filing repetitive, frivolous lawsuits and directed him to show cause as to why he should not be sanctioned. *See* Doc. No. 2 (in Case 5). I wrote, among other things:

> This court has dismissed Urban's "trapping" based claims on their merits in three separate cases. Urban did not take Judge O'Brien's advice and appeal the most-recent judgment against him (in case number 12-4075) to the Eighth Circuit Court of Appeals. Nor did he heed warnings from both Judge O'Brien and me about filing new "trapping" cases in this court. Instead, after losing the last case he simply filed another one.

*Id.* at 4. After reviewing Urban's response to the show cause order, I found Case 5 to be frivolous and recommended that it be dismissed. I wrote:

> I find that Urban's latest complaint should be summarily dismissed as a sanction pursuant to Federal Rule of Civil Procedure 11(c). I further find that Urban should forfeit the entire filing fee (which Urban has not yet paid in full) and that he should be very clearly and directly warned that he will be fined a significant amount (in my view, $1000 would be the starting point) if he attempts to file yet another case in this court that seeks relief based on his state court "trapping" conviction.

Doc. No. 4 (in Case 5) at 3. Judge O'Brien later entered an order adopting my recommendation and, again, warning Urban that "filing any further 'trapping' cases may result in additional penalties under Federal Rule of Civil Procedure 11(b)." Doc. No. 5

(in Case 5) at 12.

In short, Urban cannot say that he hasn't been warned. This court has explained the law, advised him of his right to appeal, cautioned him that filing yet another repetitive lawsuit will result in the imposition of sanctions and, even, suggested the likely amount of those sanctions. He filed this case anyway.

### 3. *Urban's Latest Response*

As required by subparts (b) and (c) of Rule 11, I gave Urban the chance to explain his conduct by issuing another show cause order (Doc. No. 4). He filed a written response (Doc. No. 5) on April 21, 2014, and a supplemental response (Doc. No. 6) the following day. In his initial response, Urban provides a summary of some of his prior lawsuits and the various legal theories the court referenced in dismissing those actions. He then engages in a long discussion of his "double jeopardy" theory, discusses the legal standards relating to frivolous litigation and concludes by certifying that his claims in this case "are warranted by existing law by a nonfrivlous [sic] argument for the extension, modification or reversal of existing law." Doc. No. 5.

In his supplemental response, Urban discusses the dismissal of his prior lawsuits and contends that Judge O'Brien "does not show any authority that he can dismiss Urban's claims from other action that are filed nor does Judge Strand." Doc. No. 6. He then states that he is sending a copy of my show cause order, and his response, "to the IA legislature, the media and political action group [sic]." *Id.*

### 4. *Discussion*

For all of the reasons set forth in detail throughout this order, I find that Urban's latest complaint (Doc. No. 3) is frivolous, repetitive and abusive. Having reviewed

18

Urban's responses to my show cause order, I further find that monetary sanctions are appropriate pursuant to Rule 11(c). Urban has been warned on numerous occasions that he cannot simply file a new lawsuit each time a prior one is dismissed. He has further been advised of his right to file an appeal, as opposed to a new action, but has failed to take advantage of that opportunity. Urban has not, in his responses to the show cause order, explained his failure to appeal. Nor has he provided any other information suggesting that his current lawsuit is anything but another frivolous and abusive filing.

In considering the amount of sanctions, I am mindful that any sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Urban has demonstrated that paying a new case filing fee is not enough to dissuade him from filing frivolous cases. Thus, and consistent with my warning in Case 5, *see* Doc. No. 4 (in Case 5) at 3, I recommend imposition of a monetary sanction in the amount of one thousand dollars. This amount is, I hope, sufficient to deter Urban from filing more frivolous lawsuits without being excessive. I find this sanction to be consistent with Eighth Circuit precedent concerning Rule 11 sanctions. *See, e.g., Kucera v. Inbody*, 210 F.3d 379 (8th Cir. 2000) (table) (affirming $1000 sanction against plaintiff after the fourth in a series of frivolous lawsuits); *Kurkowski*, 819 F.2d at 203-04 (affirming Rule 11 sanction that required the plaintiffs to pay defendants' attorney fees of over $5400). If Urban files yet another frivolous action in this court, it will be clear that a one thousand dollar fine is not a sufficient deterrent.

## V. *CONCLUSION AND RECOMMENDATION*

For the reasons set forth herein, I RESPECTFULLY RECOMMEND entry of an order that (a) dismisses this action with prejudice on grounds that the complaint presents

frivolous claims over which this court lacks subject matter jurisdiction and (b) imposes a monetary sanction on Urban in the amount of one thousand dollars ($1,000.00) pursuant to Federal Rule of Civil Procedure 11(c).

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 25th day of April, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE